IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

STEVEN SHIREMAN                                          PLAINTIFF
634 West Sixth Street
New Albany, Indiana 47150


                                          Case No. _____

v.
                                          Judge_____


EQUIFAX INFORMATION SERVICES, LLC                        DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    c/o Corporation Service Company
                  135 North Pennsylvania Street, Suite 1610
                  Indianapolis, Indiana 46204
                  (BY CERTIFIED MAIL)

                        ** ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Steven Shireman, and for his Verified Complaint against the

Defendant, Equifax Information Services LLC ("Equifax") states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate

Plaintiff's dispute regarding an alleged collection accounts on Plaintiff's Equifax credit report.

## II. PARTIES

2.      Plaintiff, Steven Shireman is currently and was at all relevant times a citizen of the

State of Indiana residing at 634 West Sixth Street, New Albany, Indiana 47150.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Indiana with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Floyd County, Indiana as a result of the Defendants doing business in Floyd County, Indiana.

### IV. FACTUAL BACKGROUND

8.     In or around April 2019, Plaintiff, who was in the process of attempting to obtain mortgage financing, accessed his Equifax credit report and discovered an alleged collection account.

9.     Plaintiff immediately disputed the alleged collection account to Equifax in writing. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Personal Finance of the disputes at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

10.     Plaintiff never received dispute results from his April 2019 dispute letter.

11.     In or around May 2019, Plaintiff accessed his Equifax credit report and the disputed alleged collection account – Personal Finance – was still reporting as it was prior to his dispute. Equifax failed to send Plaintiff his dispute results and failed to investigate the tradeline.

12.     Equifax's failure to investigate Plaintiff's dispute and its failure to maintain the accuracy of Plaintiff's credit history has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's dispute and to delete or amend their reporting of the subject tradeline.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

13.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 12 as if fully set forth herein.

14.     Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

15.     Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

16.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17.     Equifax's failure to properly investigate the disputed item and its consequent failure

to delete or amend its reporting of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18.     Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

19.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Steven Shireman, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendant for statutory, compensatory, consequential, and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/ David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY  40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Steven Shireman, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Steven Shireman

STATE OF INDIANA                    )
                                    ) SS
COUNTY OF FLOYD                     )

Subscribed, sworn to and acknowledged before me by Steven Shireman this ⟨5⟩ day of ⟨November⟩, 2019.

AMY N. FITZPATRICK
Notary Public, State of Indiana
Floyd County
Commission Number 700256
My Commission Expires
May 09, 2025

Notary Public

Commission expires: ⟨5-9-25⟩

5